# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-51692
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO MENDOZA, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-1959-ALL

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Francisco Mendoza, Jr. has appealed the district court's order revoking his supervised release imposed as part of his sentence for his 2004 conviction of possession with intent to distribute marijuana. Mendoza contends that the evidence showing that he violated a condition of his supervised release by committing a new law violation was insufficient.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In United States v. Mendoza, 522 F.3d 482, 488-90 (5th Cir.), petition for cert. filed (July 21, 2008) (No. 08-5446), we held that the evidence of Mendoza's guilt of the new law violation was sufficient. As Mendoza concedes, our holding in that case provides a sufficient basis for affirming the district court's order in the instant appeal.

In Mendoza, the Government bore the burden in that proceeding of proving Mendoza's guilt beyond a reasonable doubt. See id. at 488. In this revocation proceeding, the Government bore the burden of proving the new law violation by a preponderance of the evidence only. See United States v. Hinson, 429 F.3d 114, 117-18 (5th Cir. 2005). Even if Mendoza prevails in his petition for a writ of certiorari, Mendoza cannot show, in light of the evidence summarized in our prior opinion, that the district court abused its discretion in determining that the Government had shown by a preponderance of the evidence that Mendoza had violated a condition of his supervised release by committing a new law violation. See Mendoza, 522 F.3d at 486-88; see also United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995). The district court's order is AFFIRMED.